UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lance Barnhiser,

Plaintiff,

v.

Jennifer A. Davis, et al.,

Defendants.

Case No. 3:26-cv-478

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendant Jennifer Davis has moved for judgment on the pleadings. (Doc. No. 3). Plaintiff Lance Barnhiser did not file an opposition to the motion. Instead, he filed a motion for leave to amend the complaint that is, in effect, his proposed amended complaint. (Doc. No. 6). Defendant opposed the motion to amend on grounds of futility, (Doc. No. 7), and Plaintiff filed a reply. (Doc. No. 8).

## II. BACKGROUND

Plaintiff and Defendant were in a romantic relationship for approximately two years from 2023 to 2025. (Doc. No. 1-2 at 10). Plaintiff alleges the two cohabitated but admits they were never married. (Doc. No. 6 at 3). This dispute centers on a parcel of land property and manufactured home purchased by Defendant during the relationship, hereinafter collectively referred to as the "Property."

On February 28, 2024, Defendant purchased real estate parcel #25-20-00-0013-00 in Sandusky County, Ohio for $90,000.00.[1] (Doc. No. 1-2 at 1-2; Doc. No. 6 at 4). Then, on or about July 9, 2024, Defendant purchased a mobile or manufactured home for $151,000.00. (Doc. No. 1-2 at 37). A year later, on July, 25, 2025, the Sandusky County, Ohio Auditor's Office granted Defendant's request to list the manufactured home as an "improvement of real estate parcel #25-20-00-0013-00." (*Id.* at 36). Defendant then sold the Property with the improvement for $290,000.00 on August 25, 2025.[2] (*Id.* at 2). Thus, she made $49,000.00 from her $241,000.00 investment.

Plaintiff alleges there is more to the story than the records show. Specifically, while he does not dispute that the Property was in only Defendant's name, he alleges it was his idea to buy the Property in February 2024, that the two "agreed that they would jointly own the Property and share in its value and proceeds," and that he "contributed substantial funds, labor, materials, and improvements to the Property, totaling in excess of $180,000." (Doc. No. 6 at 4). He asserts that "[w]ithout [his] substantial contributions, the Property would never have been obtained," and his "contributions directly increased the value of the Property." (*Id.* at 4-5). Plaintiff contends he did all of this in reliance on what he asserts was the parties' joint understandings that Plaintiff would be "added" to the title "later" and "that money and time contributed by both parties would be compensated at the time of a sale." (*Id.* at 5). Any such agreement was not reduced to writing.

At some point, the parties' relationship deteriorated. And on or about June 30, 2025, Defendant sought and was granted an ex parte Civil Protection Order against Plaintiff by the Court of Common Pleas for Sandusky County, Ohio. (Doc. No. 1-2 at 4). A hearing was then held by Judge Jeremiah S. Ray on July 31, 2025, at which Plaintiff and Defendant were both present and

[1] This information is a matter of public record and was located via a property search available to the public on the Sandusky County Auditor's Office website. *See* Sandusky County Auditor, https://sanduskycountyauditor.us/.
[2] Again, this information is publicly available on the Sandusky, County, Ohio Auditor's Office website.

represented by counsel. (*Id.*). This hearing resulted in a Consent Agreement and Domestic Violence Civil Protection Order, wherein Judge Ray granted Defendant exclusive possession of the residence and generally forbid Plaintiff from entering it. (*Id.* at 5). But Judge Ray also ordered:

> Respondent shall contact the Sandusky County Sheriff Department immediately to schedule dates and times for a law enforcement standby for Respondent to retrieve his personal and/or business property from the barn located at 6835 State Route 600, Gibsonburg, Ohio 43431. Said standby shall occur on or before August 18, 2025. If necessary, Respondent may have up to four four-hour blocks of time to retrieve his belongings. Any items left after August 18, 2025, Respondent forfeits. There is a strong box and other items Respondent believes is in the residence at this property. Respondent shall be permitted into the residence one time with law enforcement standby to look for said box and items and may take said box and items if found. If overtime is necessary for law enforcement to complete this standby, Respondent shall be responsible for and pay that cost.
>
> The parties shall work together, through counsel, to reach an amicable resolution of financial issues related to the sale of the property located at 6835 State Route 600, Gibsonburg, Ohio.

(*Id.* at 8).

As discussed above, Defendant sold the Property for $290,000.00 on August 25, 2025. On October 1, 2025, Plaintiff filed this action against Defendant alleging she had violated the Civil Protection Order because "there ha[d] been no amicable resolution of the financial issues regarding the sale" and seeking $180,000.00 from the proceeds of the sale. (Doc. No. 1-2 at 1-2).

Because he believed the funds had been deposited into Defendant's account at Fifth Third Bank, Plaintiff also sued Fifth Third Bank to enjoin it from allowing Defendant to "withdraw[ ] said $180,000.00 from her account . . . until further order of th[e] Court." (*Id.* at 2). At the same time, Plaintiff also filed a motion for this injunctive relief. (*Id.* at 12). Judge Ray granted the motion to enjoin to the extent that he granted a temporary restraining order prohibiting Fifth Third Bank "from disbursing or permitting withdrawal of up to $180,000.00 of funds standing in the name of Defendant Jennifer A. Davis, pending further order of this Court" on October 6, 2025. (*Id.* at 13). But that Order was "temporary in nature and shall remain in effect for fourteen (14) days unless

extended by the Court for good cause shown or by consent of the parties," (*id.*), and it is not clear to me that such an extension occurred.[3] It does not appear Defendant was ever properly served with the original complaint.

Nevertheless, on February 26, 2026, Defendant filed an answer in the Court of Common Pleas, (*id.* at 31-37), and removed the case to this Court. (Doc. No. 1). In the Notice of Removal, she alleged this Court had original diversity jurisdiction over the suit because, at the time the action was filed, she was a resident of Florida and Plaintiff was a resident of Ohio. (*Id.* at 2; Doc. No. 1-1). She also alleged, "[t]his Court should ignore the Bank for purposes of considering jurisdiction because it was fraudulently joined." (Doc. No. 1 at 2).

A day after removing the action, Defendant filed a motion for judgment on the pleadings. (Doc. Nos. 3 & 3-1). In response, Plaintiff filed a motion for leave to amend, which, in effect, was merely the amended complaint he sought to file. (Doc. No. 6).

Presumably in response to assertions made in Defendant's notice of removal and motion for judgment on the pleadings, Plaintiff did not name Fifth Third as a Defendant to the proposed first amended complaint or allege he is entitled to relief from Defendant because of an alleged violation of the protective order. Still, the scope of his factual allegations and claims against Defendant went well beyond those stated in his original complaint. (*Compare* Doc. No. 1-2 at 1-1 *with* Doc. No. 6 at 3-9). Related to the proceeds of the sale, Plaintiff did not allege a generic "Count 2" but instead seeks to assert claims under the separate legal theories of unjust enrichment, promissory estoppel, fraud, and joint enterprise. (Doc. No. 6 at 6-8). Additionally, for the first time, Plaintiff also alleged Defendant damaged or wrongfully disposed of his personal property "[d]uring the time that Plaintiff

---

[3] *See* Case No. 25CV942, Online Docket, Sandusky County Clerk of Courts, *available at* https://sandusky-county.org/Clerk/docket.php.

was forcefully removed from the Property," and now seeks to assert claims of conversion and "destruction of property/negligence." (*Id.* at 5-6, 8).

## III. Standard

"A party may amend its pleading once as a matter of course no later than ... 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). ). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Relevant here, "a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Rule 12(b)(6) provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

"[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Additionally, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id.* at 335-36. Finally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. If a written exhibit is "'inconsistent with the allegations of the complaint, the exhibit [generally] controls.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (quoting *Mengel Co. v. Nashville Paper Prod & Specialty Workers Union, No. 513*, 221 F.2d 644, 647 (6th Cir. 1955)).

## IV. ANALYSIS

Defendant alleges Plaintiff's motion for leave to amend should be denied as futile because none of the claims in his First Amended Complaint can withstand Rule 12(b)(6) scrutiny. (Doc. No. 7). I agree, but only in part.

### A. JUDICIAL ESTOPPEL

Defendant first argues leave to amend should be denied outright under the doctrine of judicial estoppel. (Doc. No. 7 at 3).

"[J]udicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). The Sixth Circuit has cautioned:

> Judicial estoppel must be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne*, 911 F.2d at 1218; *accord Lorillard*, 546 F.3d at 757. Therefore, the doctrine only applies when the positions at issue are clearly contradictory, *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808, and the estopped party's conduct involves "more than mistake or inadvertence," *Browning*, 283 F.3d at 776.

*Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020).

Defendant has not established judicial estoppel applies here. The only alleged contradiction Defendant identifies is between Plaintiff's proposed amended complaint assertion that the two had an oral agreement regarding the Property and his original affidavit statement that, "[d]uring the course of the relationship, [he] gave [Defendant] over $180,000 for the repairs of the home." (Doc. No. 1-2 at 10). Defendant suggests the Plaintiff's initial declaration allegation was made to support a claim of palimony while his proposed amended complaint statement is made to support new claims. (Doc. No. 7 at 3).

But Defendant takes Plaintiff's original statement out of the context of the complaint. In context, this statement, made in support of the unnamed "Count 2" of the original complaint, could easily be interpreted to support an unjust enrichment and not a palimony claim, as Defendant alleges. (*See* Doc. No. 1-2 at 1-2; Doc. No. 3). Accordingly, I conclude that, even if Plaintiff's statements were contradictory, they were not "clearly contradictory."

Plaintiff's pleading deficiencies in the original complaint does not justify application of the doctrine of judicial estoppel.

### B. Personal Property Claims

Plaintiff brings claims of conversion and "destruction of property/negligence" based on the following factual allegations:

> 20. During the time that Plaintiff was forcefully removed from the Property, Defendant exercised control over Plaintiff's personal possessions at the Property. Numerous items were missing, destroyed, or sold, including construction materials; vehicle parts; personal documents (passport, birth certificate, Social Security records); furniture and tools.
>
> 21. Defendant advertised and conducted a "barn sale" of Plaintiff's property without authorization.
>
> 22. Defendant caused intentional damage to Plaintiff's vehicles, including filling a truck with corrosive and damaging materials; damaging a classic vehicle.

(Doc. No. 6 at 5-6). Defendant alleges these claims are futile because, based on Judge Ray's Order that was entered on or about July 31, 2025, "[a]ny items left after August 18, 2025, Respondent forfeits." (Doc. No. 7 at 8-9 (citing Doc. No. 1-2 at 8)). Plaintiff counters that Judge Ray's Order cannot be considered because it is "beyond the scope of consideration for a 12(b) motion." (Doc. No. 8 at 11).

Because Plaintiff attached Judge Ray's Order as an exhibit to his original complaint, it "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c) (emphasis added). It is well-settled that "all purposes" includes consideration of a motion to dismiss. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). I conclude "all purposes" also includes consideration of a motion to amend. If that were not the case, judicial estoppel problems might actually arise.

Nevertheless, even considering Judge Ray's Order, and granting it the full force and effect of law, I cannot conclude Plaintiff's claims are futile per se. Pursuant to Judge Ray's Order, the personal property was deemed to be abandoned on August 19, 2025. (*See* Doc. No. 1-2 at 8). Judge

Ray's Order does not bar a claim stemming from any damage or disposal that occurred on or before August 18, 2025.

Plaintiff alleges the damage and disposal of personal property occurred "[d]uring the time that Plaintiff was forcefully removed from the Property[.]" (Doc. No. 6 at 5). But this could have been before or after the August 18, 2025 deadline. Because Plaintiff's proposed amended complaint does not indicate when Defendant allegedly damaged or disposed of Plaintiff's personal property, I cannot conclude it occurred on or after August 19, 2025, any more than I could conclude it occurred on or before August 18, 2025.

Therefore, I grant Plaintiff leave to amend the complaint, in part. Specifically, Plaintiff may amend the complaint to include his personal property claims only if the damage or disposal occurred on or before August 18, 2026. With this, I strongly urge Plaintiff to review Rule 11's requirements and to conduct the requisite inquiry of the evidence he alleges he possesses to ensure evidence will likely support a conclusion that any damage or disposal occurred on or before August 18, 2025.

### C. "Claims based of Agreement involving Real Property"

Plaintiff's claims for unjust enrichment, promissory estoppel, fraud, and joint enterprise each relate to the alleged agreement between the parties regarding *the* Property. I address Defendant's arguments in support of dismissal, in turn.

#### 1. Statute of Frauds

Defendant first alleges all of these claims are barred by Ohio's statute of frauds, which provides:

> No action shall be brought whereby . . . to charge a person upon an agreement made . . . upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Ohio Rev. Code § 1335.05.

But Defendant makes no attempt to show the statute of frauds is an affirmative defense to Plaintiff's claims of unjust enrichment or fraud.[4] And the case on which Defendant relies to show the statute of frauds bars claims of promissory estoppel itself relies on precedent that predates the Supreme Court of Ohio's holding in: *Olympic Holding Co. v. ACE Ltd.*, 909 N.E.2d 93 (Ohio 2009). (*See* Doc. No. 7 at 6).

In *Olympic Holding*, the Supreme Court of Ohio held: "a party may not use promissory estoppel to bar the opposing party from asserting the affirmative defense of the statute of frauds, which requires that an enforceable contract be in writing and signed by the party to be charged, but may pursue promissory estoppel as a separate remedy for damages." 909 N.E.2d at 100. In turn, *Olympic Holding* affirmed, "promissory estoppel is an adequate remedy for a fraudulent oral promise or breach of an oral promise, absent a signed agreement." *Id.* at 101.

But *Olympic Holding* also confirms the success of Defendant's statute of frauds argument with respect to Plaintiff's joint venture claim. Specifically, *Olympic Holding* also held "a joint-venture agreement that does not comply with the statute of frauds is unenforceable, and an unenforceable joint-venture agreement cannot impose any fiduciary duties on the parties." *Id.* at 102. Relevant to these joint-venture agreements and here:

> The statute of frauds applies to agreements that cannot be performed within a year. R.C. 1335.05. When parties to an alleged agreement did *not* intend the agreement to be performed in less than a year, the statute of frauds renders that agreement unenforceable.

*Id.*

Through the proposed amended complaint, Plaintiff alleges the parties made this agreement in February 2024, (Doc. No. 6 at 4), and does not allege they intended the alleged joint venture to be

[4] In fact, Ohio courts have held the statute of frauds does not bar claims of unjust enrichment and fraud. *See Templeton v. Winner Enters., Ltd.*, 248 N.E.3d 791, 804-06 (Ohio Ct. App. 2024) (citing cases).

performed in less than a year. For example, there is no allegation in the proposed complaint to suggest they expected to buy the Property, make the improvements, and sell it in less than a year. Instead, the allegations of the proposed amended complaint show the parties intended to, and did, keep the Property for more than a year after allegedly agreeing to buy and improve it in February 2024. Thus, the statute of frauds bars the joint venture claim as a general matter.

But, as Defendant predicted, (Doc. No. 7 at 5), Plaintiff alleges the part performance exception to the statute of frauds should apply. (Doc. No. 8 at 5-6). The Supreme Court of Ohio has instructed:

> The doctrine of part performance is based in equity. It is applied in situations where it would be inequitable to permit the statute to operate and where the acts done sufficiently establish the alleged agreement to provide a safeguard against fraud in lieu of the statutory requirements.
>
> Part performance to be sufficient to remove the agreement from the operation of the statute of [frauds] must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo*. . . . If the performance can reasonably be accounted for in any other manner or if plaintiff has not altered his position in reliance on the agreement, the case remains within the operation of the statute.

*Delfino v. Paul Davies Chevrolet, Inc.*, 209 N.E.2d 194, 198 (1965) (internal citations omitted).

Defendant alleges the part performance doctrine does not apply here because any performance by Plaintiff "can reasonably be accounted for in [an]other manner," *id.* – the parties' romantic relationship and cohabitation on the Property. (Doc. No. 7 at 5). Plaintiff attempts to avoid this conclusion by arguing that, at this stage, "[t]he Court must accept Plaintiff's allegations that his motivation for contributions were not gifts nor were *solely* related to a relationship, but instead were made in reliance on an agreement and representations by Defendant." (Doc. No. 8 at 6) (emphasis added). But this argument implicitly admits his performance could reasonably be accounted for, at least in part, by the relationship.

Ohio law requires that "[i]f the performance can reasonably be accounted for *in any other manner* . . . , the case remains within the operation of the statute." *Delfino*, 209 N.E.2d at 198. Taking the allegations of the proposed amended complaint as true, Plaintiff's contributions can reasonably be accounted for by the parties' romantic relationship and cohabitation at the Property owned by Defendant. Therefore, from the face of the proposed amended complaint, the statute of frauds bars Plaintiff's joint venture claim.[5] *See, e.g., Middleton v. United Church of Christ Bd.*, 483 F. Supp. 3d 489, 496 (N.D. Ohio 2020) ("[T]the rule in this Circuit allow[s] defendants to raise an affirmative defense in a pre-answer motion to dismiss where the defense clearly appears on the face of the complaint.") (cleaned up) (citing cases).

While Plaintiff cannot proceed on his joint venture claim, which requires the existence of an enforceable contract, the statute of frauds does not bar his claims of unjust enrichment, promissory estoppel, and fraud. Relatedly, because Defendant's only argument in opposition to Plaintiff's proposed promissory estoppel claim is that it is barred by the statute of frauds, I conclude Plaintiff may amend the complaint to include a promissory estoppel claim.

**2. Unjust Enrichment**

Aside from the statute of frauds, Defendant alleges Plaintiff's unjust enrichment claim is futile because it is merely one for palimony, which Ohio law does not recognize. She alleges the claim must fail because "any enrichment to Defendant was not unjust because Plaintiff was able to enjoy use of the Property (in which the parties cohabitated) while Plaintiff and Defendant were together." (Doc. No. 7 at 5). This argument fails to apply the motion to dismiss standard.

---

[5] In addition to this, Plaintiff does not plead facts to show at least one of the other five elements of a joint venture claim – "the mutual right to direct and control the purpose of the joint venture." *Anchor v. O'Toole*, 94 F.3d 1014, 1024 (6th Cir. 1996). Plaintiff does not appear to dispute Defendant had the exclusive right to sell the Property as its owner. He only seeks a portion of the proceeds from that sale. Thus, even if the statute of frauds did not apply, the claim would be futile.

At this stage, I must take the factual allegations in the proposed amended complaint as true and determine whether they show: (1) Plaintiff conferred a benefit on Defendant; (2) Defendant knew of the benefit; and (3) it would be unjust to allow Defendant to retain the benefit without payment to Plaintiff. *See Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005). I conclude they do.

The proposed amended complaint alleges "Plaintiff contributed substantial funds, labor, materials, and improvements to the Property, totaling in excess of $180,000" with Defendant's knowledge and agreement that "they would jointly own the Property and share in its value and proceeds." (Doc. No. 6 at 4). He further alleges that: (a) "[w]ithout Plaintiff's substantial contributions, the Property would never have been obtained"; and (b) "Plaintiff's contributions directly increased the value of the Property." (*Id.* at 4-5). Put simply, Plaintiff alleges it would be unjust for Defendant to keep all $290,000.00 from the sale because she could not have purchased the Property or made $49,000.00 from its sale without his contributions.

While the evidence may eventually show Defendant was not unjustly enriched by Plaintiff's alleged contributions, I cannot make that determination at this stage. Because Plaintiff's proposed unjust enrichment claim would survive Rule 12(b)(6) scrutiny, it is not futile. Plaintiff may amend the complaint to pursue an unjust enrichment claim.

**3. Fraud**

Aside from the statute of frauds, Defendant alleges Plaintiff's fraud claim is futile because Plaintiff lacked reasonable reliance.

In the proposed amended complaint, Plaintiff alleges:

> Defendant made material misrepresentations of fact regarding Plaintiff's ownership interest. It was represented to Plaintiff that his equitable ownership interest in the property was agreed to by Defendant and that Plaintiff's contributions to the Property, on sale, would be proportionally reimbursed.

(Doc. No. 6 at 7). Defendant alleges Plaintiff could not have reasonably believed he had an ownership interest in the Property because the deed was in Defendant's name alone. (Doc. No. 7 at 6-7). Plaintiff's counter to this point far exceeds the scope of the claim he seeks to state through the fraud claim. (Doc. No. 8 at 10).

Nevertheless, I agree with Plaintiff to the extent that I conclude Defendant's name on the Property does not foreclose a finding of reasonable reliance on a promise of reimbursement in the event of a sale. Accordingly, I conclude the fraud claim is not futile for the reason argued by Defendant. Still, in the interest of efficiency, I urge Plaintiff to review Rule 9(b) of the Federal Rules of Civil Procedure and binding precedent interpreting it when drafting his amended complaint to ensure any fraud claim he seeks to bring could withstand Rule 12(b)(6) scrutiny.

### D. Accounting and Declaratory Judgment Claims

Plaintiff offers no argument to counter Defendant's arguments that Plaintiff's proposed accounting and declaratory judgment claims are futile in their current forms as standalone claims. (*See* Doc. No. 7 at 7-8). If appropriate, Plaintiff may include these remedies in his prayer for relief.

## V. Conclusion

For the foregoing reasons, I grant Plaintiff's motion to amend, in part, and deny it, in part. (Doc. No. 6). Plaintiff may file an amended complaint that includes the following claims, subject to the conditions described:

1.) unjust enrichment;

2.) promissory estoppel;

3.) fraud;

4.) conversion of personal property that he can certify under Rule 11 was damaged or disposed on or before August 18, 2025; and

5.) "destruction of property/negligence" of personal property that he can certify under Rule 11 was damaged or disposed on or before August 18, 2025.

Plaintiff may not include in the amended complaint a claim of joint venture, standalone claims of accounting or declaratory judgment, or claims of conversion or "destruction of property/negligence" for any damage or disposal of personal property that occurred on or after August 19, 2025.

In granting Plaintiff leave to file an amended complaint, I find it necessary to address the rhetoric of the parties. I will not tolerate either party referring to this action or the domestic relations proceedings before Judge Ray as a "sham legal proceeding" at any point in this litigation moving forward. As discussed above, many of the claims Plaintiff seeks to bring are not futile, and Judge Ray obviously had reason to not only grant, but also extend the Domestic Violence Civil Protection Order. (*See* Doc. No. 7-1). While I appreciate the sensitive nature of the circumstances, I expect counsel to respect the courts' proceedings.

In close, I order Plaintiff to file his amended complaint no later than October 23, 2026, and Defendant to respond to it no later than November 13, 2026. Relatedly, I deny as moot Defendant's motion for judgment on the pleadings. (Doc. No. 3).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge